UNITED STATES, Appellee,

v.

Shaun K. O'NEIL, Defendant,
Appellant.

No. 90–2135.

United States Court of Appeals,
First Circuit.

Heard April 1, 1991.

Decided June 19, 1991.

Jeffrey D. Clements with whom Jensen Baird Gardner & Henry was on brief, Portland, Me., for defendant, appellant.

Margaret D. McGaughey, Asst. U.S. Atty., Portland, Me., with whom Richard S. Cohen, U.S. Atty., Augusta, Me., and F. Mark Terison, Asst. U.S. Atty., were on brief, Portland, Me., for appellee.

Before BREYER, Chief Judge,
BOWNES, Senior Circuit Judge, and
TORRUELLA, Circuit Judge.

BREYER, Chief Judge.

The district court accepted Shaun K. O'Neil's plea of guilty to charges of breaking into a post office and stealing mail, 18 U.S.C. §§ 1708 & 2115, and it sentenced him to serve 21 months in prison. In calculating his sentence, the court refused to award him the two-level Sentencing Guidelines credit for "acceptance of responsibility," *see* United States Sentencing Commission, *Guidelines Manual*, § 3E1.1(a), a credit that here would likely have reduced O'Neil's prison term to 16 months. O'Neil appeals his sentence, *see* 18 U.S.C. § 3742(a)(2), claiming that the law required the court to give him the two-level credit. We disagree.

The Guidelines make the credit in question available to a "defendant" who "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct...." U.S.S.G. § 3E1.1(a). O'Neil concedes that the Guidelines explicitly state that a "defendant who enters a guilty plea is *not* entitled" to the credit "as a matter of *right.*" *Id.* § 3E1.1(c) (emphasis added). But, he notes that this circuit has held that a sentencing court, when considering the credit, must focus on a defendant's "acceptance of responsibility" for the "criminal conduct" that is *charged;* the court cannot require the defendant to accept responsibility for some *other,* uncharged conduct. *See United States v. Perez–Franco*, 873 F.2d 455, 459 (1st Cir.1989); *accord United States v. Piper*, 918 F.2d 839, 841 (9th Cir.1990); *United States v. Oliveras*, 905 F.2d 623, 629 (2d Cir.1990); *United States v. Rogers,*

921 F.2d 975, 982 (10th Cir.) (dictum), *cert. denied*, —— U.S. ——, 111 S.Ct. 113, 112 L.Ed.2d 83 (1990). *But see United States v. Mourning*, 914 F.2d 699, 705–06 (5th Cir.1990); *United States v. Ignancio Munio*, 909 F.2d 436, 439 n. 4 (11th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1393, 113 L.Ed.2d 449 (1991); *United States v. Gordon*, 895 F.2d 932, 936–37 (4th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 131, 112 L.Ed.2d 98 (1990). And, he says that the district court violated this principle here. In particular, O'Neil claims that the district court refused him the credit because he did not accept responsibility for having used marijuana and breaking into a building while he was on bail awaiting trial for the post-office crimes.

■ The basic reason we reject his argument is that we disagree with his characterization of what the sentencing court did. We understand how appellant might have taken one of the court's remarks as supporting his view of what happened at sentencing. At one point the court said that it thought that appellant had not accepted responsibility for the present offense "or generally with respect to *other* legal requirements." App. 68 (emphasis added). But, this remark in context, and other statements by the court, make clear that the court did not require or expect appellant to "accept responsibility" for his later conduct. Rather, it simply considered the appellant's later conduct, such as his use of marijuana, for the light that conduct shed on the authenticity of appellant's claimed remorse for the post-office crimes, the crimes to which he had pleaded guilty in this case, and for which he was being sentenced.

The court summarized its views as follows:

[The appellant] now tells me that he is sorry for what happened and he accepts responsibility for it.

The Court's task is to determine from all of the facts whether it is persuaded by a preponderance of the evidence that that is so. And I have before me evidence from the [presentence] report that he used marijuana after he had committed the offense of conviction. I'm not sure where that fits in with his guilty plea but I think it was before he actually pleaded guilty. It was in a span of time during which he was representing to the government that he was cooperating with the government and trying to atone for what the government then knew to be his illegal conduct. For him to continue on while making that representation to the government, he was expressly or implicitly using contraband substances, demonstrates to this Court, in essence, duplicity that he has not really accepted his responsibility to obey the law, either in respect to the offense that he then stood charged with or generally with respect to other legal requirements.

And then we have, conduct of some kind which the Court does not propose to assess, that results in his being charged with, by state authorities, a burglary in a fraternal lodge facility in which, it is alleged at least, a large number of bottles of liquor were taken.

Now, that is significant evidence on the question of what his mental state is in the view of the Court.

. . . .

I just simply cannot persuade myself that it is more likely than not on all of the[ ] evidence that this defendant genuinely regrets what he did that resulted in his conviction of an offense under federal law and that he is truly sorry for that.

App. 67–69.

We can find nothing unlawful about a court's looking to a defendant's later conduct in order to help the court decide whether the defendant is truly sorry for the crimes he is charged with. The fact that a defendant engages in later, undesirable, behavior does not *necessarily* prove that he is not sorry for an earlier offense; but, it certainly could shed light on the sincerity of a defendant's claims of remorse. We are not surprised that the courts, so far, have uniformly held that:

a district court may consider continued criminal conduct by a defendant as evidence of a lack of sincere remorse and, accordingly, deny the two-level reduction

under 3E1.1, even in the face of a defendant's assertions to the contrary or agreement to plead guilty.

*United States v. Cooper,* 912 F.2d 344, 346 (9th Cir.1990); *accord United States v. Piper,* 918 F.2d 839, 840–41 (9th Cir.1990); *United States v. Watkins,* 911 F.2d 983, 984–85 (5th Cir.1990); *United States v. Wivell,* 893 F.2d 156, 159 (8th Cir.1990); *United States v. Jordan,* 890 F.2d 968, 974 (7th Cir.1989); *United States v. Scroggins,* 880 F.2d 1204, 1216 (11th Cir.1989), *cert. denied,* ⸺ U.S. ⸺, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990). And, we agree with this statement of the law. In our view the district court here could reasonably conclude that the appellant's later conduct (such as his use of marijuana in violation of bail conditions explicitly forbidding drug use) showed that the defendant lacked "authentic remorse" for the post-office crimes. *See* U.S.S.G. § 3E1.1, comment. (n.5) (The "acceptance of responsibility ... determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation."); *see also United States v. Royer,* 895 F.2d 28, 29 (1st Cir.1990); *United States v. Mata–Grullon,* 887 F.2d 23, 24 (1st Cir.1989) (per curiam).

■ Appellant also suggests that a court's use of a defendant's other, potentially criminal, conduct in determining the authenticity of remorse may violate the Fifth Amendment's prohibition against self-incrimination. We do not see how this is so. As we have said, O'Neil's problem is not that he would not say that he was sorry for other crimes but that he *committed* them. Of course, the sentencing court had to conclude that O'Neil, in fact, did engage in that conduct; and, O'Neil correctly believed that the court would so find (given the statements in the presentence report) unless he came forward with a defense. But, that fact did not require O'Neil to incriminate himself, any more than does any criminal charge (and every bad act produced at sentencing or in a presentence report, before or after the Guidelines became the law). O'Neil does not dispute that the district court could, and did, conclude that he had engaged in the conduct in question without relying on O'Neil's refusal to make a statement or on his silence. We therefore fail to see how this case raises any Fifth Amendment issue.

For these reasons the judgment of the district court is

*Affirmed.*