960 F.2d 148
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Billy George SHANKLIN, Defendant-Appellant.
 No. 91-5831.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 23, 1991
Decided: April 23, 1992
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-91-85)
 Leonard Kaplan, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Michael W. Carey, United States Attorney, R. Brandon Johnson, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before RUSSELL, WILKINSON, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Billy Shanklin seeks review of a district court judgment and order sentencing him to fifteen months incarceration, three years of supervised release, and a $50 criminal assessment based on his conviction for distributing cocaine in violation of 21 U.S.C.s 841(a)(1). On appeal, Shanklin contends that the sentencing court erred by failing to reduce his offense level based on his acceptance of responsibility for his criminal conduct.
 
 
 2
 Initially, we note the district court's wide discretion in determining whether to grant a reduction pursuant to United States Sentencing Commission, Guidelines Manual, § 3E1.1, and that the question of whether a reduction is warranted is a factual one. See United States v. Cusack, 901 F.2d 29 (4th Cir. 1990). Further, we note that Shanklin's plea of guilty to the distribution charge did not automatically entitle him to a reduction for acceptance of responsibility. See United States v. Harris, 882 F.2d 902 (4th Cir. 1989).
 
 
 3
 Shanklin contends that the district court should only consider whether he accepted responsibility at the time of sentencing. We disagree and hold that the district court properly found that Shanklin's continued criminal conduct after his arrest rendered application of the reduction inappropriate.* See United States v. O'Neil, 936 F.2d 599 (1st Cir. 1991); United States v. Scroggins, 880 F.2d 1204 (11th Cir. 1989), cert. denied, 110 S. Ct. 1816 (1990); United States v. Jordan, 890 F.2d 968 (7th Cir. 1989). The record established that Shanklin tested positive for use of controlled substances twice while free on bond awaiting trial. Although Shanklin points out that he admitted to using drugs at his bond revocation hearing, he did so only after urine tests had already revealed his drug use. Moreover, regardless of this admission, Shanklin's continued criminal conduct undercuts the credibility of any claim that he felt remorse for committing the crime for which he was convicted. See United States v. O'Neil, 936 F.2d at 600; United States v. Jordan, 890 F.2d at 974.
 
 
 4
 Accordingly, the judgment order of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Although the sentencing court's judgment order states that a reduction was denied due to Shanklin's continued criminal conduct after his guilty plea, a review of the entire record reveals that this comment was clearly inadvertent, and that the court's denial of the reduction was in fact based on 6350 35 6 Shanklin's criminal conduct after his arrest