March 15, 1993 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 92-2168

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 SANTOS OLEA,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Ernest C. Torres, U.S. District Judge]
 

 

 Before

 Boudin, Circuit Judge,
 

 Campbell, Senior Circuit Judge,
 

 Stahl, Circuit Judge.
 

 

Damon M. D'Ambrosio with whom Martin D. Harris and Martin D.
 
Harris, Esquire, Ltd. were on brief for appellant.
 
Margaret E. Curran, Assistant United States Attorney, with whom
 
Lincoln C. Almond, United States Attorney, and Zechariah Chafee,
 
Assistant United States Attorney, were on brief for the United States.

 

 March 15, 1993
 

 CAMPBELL, Senior Circuit Judge. This is a
 

Sentencing Guidelines appeal, in which defendant-appellant

Santos Olea contends that the sentencing court erred by

considering as relevant conduct quantities of cocaine from

sales to which he did not plead guilty, by increasing his

sentence for an obstruction of justice, and by denying his

request to reduce the sentence for acceptance of

responsibility. We affirm the sentence.

 I.

 Santos Olea was indicted in January 1992 on four

counts: Count I charged that on December 12, 1991, Olea and

codefendant Alberto Gonzalez distributed cocaine in violation

of 21 U.S.C. 841(a)(1); Counts II and III charged that the

same occurred on December 16 and December 20, 1991; Count IV

charged that from a time unknown until December 20, 1991,

Olea and Gonzalez conspired to distribute cocaine in

violation of 21 U.S.C. 846. Olea pleaded guilty in the

United States District Court for the District of Rhode Island

to Count I in return for the dismissal of the three other

counts.1

 At sentencing in September 1992, the court heard

testimony from Detective Gannon of the Providence Police

Department, who presented his view of Olea's role in the

 

1. Codefendant Gonzalez, who is not a party here, was
indicted on the same four counts and pleaded guilty to the
first three.

 -2-

three sales. A government informant, "Luis," arranged for

Gannon to make an undercover purchase of cocaine from

codefendants Olea and Gonzalez at a shopping center parking

lot in Providence. 

On December 12, 1991, at 11:30 a.m., Olea drove into the

parking lot with Gonzalez in the passenger seat, where they

met with Detective Gannon inside the car. Luis introduced

defendant Santos Olea as "Hector" and Alberto Gonzalez as

"Jose." Gonzalez handed a package of cocaine to Gannon

(weighing approximately 60 grams). Both Olea and Gonzalez

told him to check it out. Gannon gave Gonzalez $1,450 in

cash, who counted it and handed it to Olea who also counted

it. When Gannon said he would want more cocaine later, Olea

said that Gannon could contact him through informant Luis.

 On December 16, 1991, Gannon called Luis, who in

turn called "Hector," and the three men spoke on a three-way

telephone line with Luis acting as a Spanish-English

interpreter. Gannon said to Hector that he wanted "the same

thing," to which Hector replied, "I'm busy today. I'll send

my nephew." Hector also said, "Same place, same price, same

quantity." Gannon testified that the voice of "Hector"

sounded like the voice of defendant-appellant Olea, and that,

in his opinion, he was speaking with Olea. Later that day,

codefendant Gonzalez arrived alone at the same parking lot at

the same time in the same car, which was registered to Olea.

 -3-

Gonzalez delivered 60.7 grams of cocaine to Gannon for the

same price. Gonzalez then gave Gannon a phone number to call

for more cocaine. The number was listed to the same address

where Olea and Gonzalez apparently lived and were eventually

arrested.

 Three more times in the next few days, Gannon spoke

to "Hector" on the telephone in the same manner: Gannon

called Luis, who in turn established a three-way conversation

with "Hector." Luis later told Gannon that he established

the phone contact with "Hector" by dialing the phone number

given to Gannon by Gonzalez. On the third call, Gannon

arranged for a purchase of double the previous quantity of

cocaine. Hector told Gannon that his "nephew" would again

deliver it at the same place. On December 20, Gonzalez again

came to the parking lot in Olea's car and completed the

transaction for 123.65 grams. The total weight of the three

sales was 245.20 grams. Police subsequently arrested Olea

and Gonzalez at the address where the telephone line was

registered.

 Prior to sentencing, Olea wrote a letter to the

court apologizing for his involvement in the December 12 drug

sale, to which he had pleaded guilty. However, Olea

proclaimed that he merely gave Gonzalez a ride to the

shopping center on December 12, never touched the money or

drugs, and had nothing else to do with Gonzalez's drug

 -4-

dealing. Olea also strenuously denied any connection with or

knowledge of the December 16 and December 20 sales, claiming

that Gonzalez merely borrowed his car without telling Olea

what he was doing. The letter was included in the

presentence report.

 After hearing the evidence at the sentencing

hearing and considering Olea's letter and objections to the

presentence report, the court sentenced Olea. The court

judged Detective Gannon to be a credible witness, and so

found that the "Hector" on the telephone was actually

defendant Olea and that Olea had actively participated in all

three drug sales. Based upon the evidence, the court found

that the entire amount of cocaine in the three sales, 245.20

grams, should be considered in calculating Olea's base

offense level. The court also found that Olea's letter to

the court contained material falsehoods regarding his role in

the transactions. After denying any downward adjustment for

a minor role in the offense, increasing the offense level by

two points pursuant to U.S.S.G. 3C1.1 for obstruction of

justice, and denying a two-point reduction for acceptance of

responsibility under U.S.S.G. 3E1.1, the court calculated

the offense level as 22. With criminal history category I,

the applicable sentencing range was 41 to 51 months. The

court sentenced defendant to 42 months incarceration and 5

years supervised release, along with other fines and other

 -5-

conditions not relevant here. Olea appeals from his

sentence.

 -6-

 II.

 Appellant contends that the sentencing court erred

in three particulars: (1) it included as relevant conduct

under U.S.S.G. 1B1.3 the quantities of cocaine involved in

the December 16 and December 20 sales; (2) it found that

appellant obstructed justice under U.S.S.G. 3C1.1; and (3)

it denied appellant a reduction in sentence for acceptance of

responsibility under U.S.S.G. 3E1.1.2 All of appellant's

three arguments turn on the extent of his involvement in the

three cocaine sales.

 At the sentencing hearing, the court made a factual

finding that appellant was an active participant in the

December 12 sale, and was not a mere driver as he claimed.

The court also found that appellant arranged for the December

16 and 20 sales, even though codefendant Gonzalez actually

delivered the drugs to the parking lot. The court's findings

rested in large part on the testimony of Detective Gannon,

whom the court found to be a credible witness. Assessment of

the credibility of witnesses is for the trier of fact.

United States v. Serrano, 870 F.2d 1, 5 (1st Cir. 1989). We
 

must accept these findings unless clearly erroneous. United
 

States v. Gerante, 891 F.2d 364, 368 (1st Cir. 1989).
 

 

2. All references to the United States Sentencing Guidelines
are to the November 1, 1991, version, which is the version
applicable to appellant's case.

 -7-

 We do not find clear error. Detective Gannon

testified that, on December 12, he met with appellant,

identified as "Hector," and that appellant spoke with Gannon

about the quality of the cocaine, counted the money, and told

Gannon to contact him through Luis if he wanted more drugs.

Gannon arranged for each of the two later sales by speaking

on the telephone to someone who answered to the name

"Hector." Each call took place in the same manner, with

Gannon calling Luis, who in turn established a three-way

conference call with "Hector" by dialing the phone number

supplied to Gannon by Gonzalez. Gannon recognized the voice

of "Hector" each time as that of appellant Olea. "Hector"

told Gannon to meet his "nephew" at the "same place." After

such phone calls, the later two sales took place, under

circumstances quite similar to the first sale, with Olea's

codefendant similarly involved, using Olea's car. The court

was under no obligation to accept Olea's denial of

involvement, which it could have found implausible in all the

circumstances. 

 We turn next to the district court's application of

U.S.S.G. 1B1.3(a),3 concerning relevant conduct. In a

 

3. Section 1B1.3(a) provides:

 Unless otherwise specified, (i) the base
 offense level where the guideline
 specifies more than one base offense
 level, (ii) specific offense
 characteristics and (iii) cross

 -8-

drug distribution case, quantities of drugs not specified in

the count of conviction are to be included in determining the

offense level if they were part of the same "course of

conduct or part of a common scheme or plan" as the count of

conviction. U.S.S.G. 1B1.3 comment. (backg'd.); United
 

States v. DiIorio, 948 F.2d 1, 6 (1st Cir. 1991). We believe
 

that the court reasonably concluded, based on its finding

that appellant had participated in all three drug sales, that

the relevant amount of cocaine here was the total amount sold

in the three separate transactions, the later two

transactions being relevant even though appellant did not

actually appear in person at the delivery of the drugs.

DiIorio, 948 F.2d at 7. Finding no clear error, Gerante, 891
 

F.2d at 368, we thus reject appellant's challenge to the

court's determination of the relevant conduct.

 

 references in Chapter Two, and (iv)
 adjustments in Chapter Three, shall be
 determined on the basis of the following:
 . . .
 (2) solely with respect to offenses
 of a character for which 
 3D1.2(d) [Groups of Closely
 Related Counts] would require
 grouping of multiple counts,
 all acts and omissions
 described in subdivisions
 (1)(A) and (1)(B) above that
 were part of the same course of
 conduct or common scheme or
 plan as the offense of
 conviction; 
 . . . .

 -9-

 Appellant also challenges the obstruction of

justice enhancement under U.S.S.G. 3C1.1. Such an

enhancement is authorized, inter alia, when a defendant
 

provides "materially false information to a judge or

magistrate" or "to a probation officer in respect to a

presentence or other investigation for the court." U.S.S.G.

 3C1.1, comment. (n.3(f), (h)). The enhancement was

properly applied here as appellant was supportably found to

have misrepresented two material facts in his letter to the

district court (which also was considered by the probation

officer in preparing the presentence report): he falsely

portrayed himself as "an unwitting dupe" (the district

court's words) in the December 12 sale, and falsely stated

that he had nothing whatsoever to do with the December 16 and

20 sales. Cf. United States v. Dunnigan, 61 U.S.L.W. 4180,
 

4183, 1993 U.S. LEXIS 1779 (U.S. Feb. 23, 1993) (upholding

obstruction of justice enhancement under 3C1.1 where

defendant committed perjury at trial); United States v.
 

Akitoye, 923 F.2d 221, 228-29 (1st Cir. 1991) (same;
 

defendant falsely denied any knowledge of drug dealing and

characterized codefendant "as the villain of the piece").

While the counts charging these later two sales were

dismissed in connection with Olea's plea to Count I, Olea's

false assertions that he had not participated in them were

"material" for the purposes of U.S.S.G. 3C1.1 because they

 -10-

"would tend to influence or affect" the calculation of his

base offense level for his conviction on Count I. U.S.S.G. 

3C1.1, comment. (n.5). The sentencing court did not err,

therefore, in adding a two-level enhancement for obstruction

of justice.

 Finally, we turn to appellant's challenge to the

court's refusal to grant a two-level decrease for acceptance

of responsibility. Appellant contends that he was entitled

to such a decrease because he pleaded guilty to and expressed

some remorse for his crime under Count I. But a reduction

for acceptance of responsibility is not "a matter of right."

U.S.S.G. 3E1.1, comment. (n.3); United States v. O'Neil,
 

936 F.2d 599, 599 (1st Cir. 1991). Except in "extraordinary

cases," "[c]onduct resulting in an enhancement under 3C1.1

(Obstructing or Impeding the Administration of Justice)

ordinarily indicates that the defendant has not accepted

responsibility for his criminal conduct . . . ." U.S.S.G. 

3E1.1, comment. (n.4); United States v. Aymelek, 926 F.2d 64,
 

69 (1st Cir. 1991). The district court justifiably

determined that this was not the extraordinary case. 

 Appellant argues that the court improperly gave

weight to his statements denying any responsibility for the

two later drug sales that were charged in the dismissed

counts. It is true that, under our precedent, appellant was

not required to have shown remorse for the dismissed charges.

 -11-

United States v. Perez-Franco, 873 F.2d 455, 463 (1st Cir.
 

1989) ("[A] defendant who has made a plea agreement must

accept responsibility solely for the counts to which he is

pleading guilty."); see also O'Neil, 936 F.2d at 599.
 

However, the district court did not base its denial of the

acceptance of responsibility decrease solely upon defendant's

statements relative to the dismissed charges. It noted that

he had also lied in asserting that he had only a minor role

in the December 12 sale. His refusal to accept appropriate

responsibility for that sale, to which he pleaded, alone

warranted a finding that he did not accept responsibility.

Moreover, the court's supported finding that appellant had

lied when denying involvement in the two later sales took

appellant well beyond the Perez-Franco safe harbor, which
 

allows a defendant to remain silent as to the conduct

contained in a dismissed charge but does not sanction a

defendant's giving of materially false information relative

 -12-

thereto.4 There was no error in the court's refusal to find

that Olea had accepted responsibility.

 III.

 Finding no error in any of the court's rulings

below, we affirm appellant's sentence.

 Affirmed. 
 

 

4. While this proceeding is not controlled by the current
Application Note 1(a) to section 3E1.1, that note now
articulates the distinction we make. It reads, in pertinent
part:

 Note that a defendant is not required to
 volunteer, or affirmatively admit,
 relevant conduct beyond the offense of
 conviction in order to obtain a reduction
 under subsection (a). A defendant may
 remain silent in respect to relevant
 conduct beyond the offense of conviction
 without affecting his ability to obtain a
 reduction under this subsection.
 However, a defendant who falsely denies,
 or frivolously contests, relevant conduct
 that the court determines to be true has
 acted in a manner inconsistent with
 acceptance of responsibility[.]

U.S.S.G. 3E1.1, comment. (n.1(a)) (as amended, effective
Nov. 1, 1992). The district court here indicated that had
defendant said nothing about the later sales, instead of
falsely denying all involvement, it would have been prepared
to grant the decrease for acceptance of responsibility
(assuming truthfulness as to Count I). 

 -13-