21 F.3d 429
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ryan JACOBS, Defendant-Appellant.
 No. 93-1137.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1994.
 
 1
 Before: NELSON and SILER, Circuit Judges, and HACKETT, District Judge.*
 
 ORDER
 
 2
 Ryan Jacobs pleaded guilty to a charge of burglary of a postal contract station. Following his conviction, the district court sentenced him to thirty months of imprisonment and three years of supervised release. The court also imposed a $50 special assessment and ordered restitution in the amount of $2,779.95. Jacobs appealed his sentence, and the case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Jacobs' counsel has moved to withdraw and has filed a brief in compliance with Anders v. California, 386 U.S. 738 (1967). Jacobs has not responded to his counsel's motion to withdraw.
 
 
 4
 Upon review, we conclude that the district court's determination that Jacobs was an organizer or leader in the criminal activity, as defined in U.S.S.G. Sec. 3B1.1, was not clearly erroneous. United States v. Feinman, 930 F.2d 495, 500 (6th Cir.1991). We further conclude, however, that the district court applied an incorrect legal standard in denying a two-level reduction in the offense level for acceptance of responsibility, a reduction sought by Jacobs under U.S.S.G. Sec. 3E1.1(a).
 
 
 5
 The denial of the two-level reduction was based on the fact that Jacobs had tested positive for use of marijuana following his guilty plea. The district court explained the denial thus:
 
 
 6
 "Regarding acceptance of responsibility, I understand that Mr. Jacobs has continued to use marijuana during the pendency of this matter. As a matter of fact, he's been tested positive for marijuana. So, when you talk about acceptance of responsibility we're not only talking about acceptance of responsibility in this matter but acceptance of responsibility for his conduct and apparently he's still engaged in criminal conduct. It's against the law to possess marijuana and to use it and apparently by that conduct he has not accepted the responsibility of not engaging in criminal conduct.
 
 
 7
 So, the court believes that no adjustment should be made as far as acceptance of responsibility is concerned; that is to say, he will not get the two-point reduction."
 
 
 8
 After Jacobs was sentenced, this court held that a defendant should not be denied a reduction for acceptance of responsibility simply because he committed unrelated criminal activity after his conviction. United States v. Morrison, 983 F.2d 730, 735 (6th Cir.1993). See also United States v. Moored, 997 F.2d 139, 145 (6th Cir.1993). Even though the version of Sec. 3E1.1(a) considered in Morrison indicated that the defendant must show acceptance of responsibility for his "criminal conduct," the Morrison court interpreted the guideline as permitting a reduction if the defendant simply accepts responsibility for the particular offense of which he was convicted. 983 F.2d at 735. Reduction may be denied, Morrison teaches, if a defendant engages in post-conviction criminal conduct that is similar to or is somehow related to the offense of conviction, but not otherwise. Id. Section 3E1.1(a) was subsequently amended to read as follows: "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." (Emphasis added.) This version of the guideline was in effect when Jacobs was sentenced.
 
 
 9
 The Courts of Appeals for the First and Fifth Circuits have held that a district court may consider a defendant's post-conviction criminal conduct--even if unrelated to the crime of conviction--in deciding "whether the defendant is truly sorry for the crime[ ]" for which he is to be sentenced. United States v. O'Neil, 936 F.2d 599, 600 (1st Cir.1991); United States v. Watkins, 911 F.2d 983, 984-85 (5th Cir.1990). In O'Neil, the defendant robbed a post office facility; after his guilty plea, but before sentencing, he illegally used marijuana. The First Circuit affirmed the district court's denial of a Sec. 3E1.1(a) reduction, explaining that O'Neil's later conduct betrayed a lack of "authentic remorse" for the post office crimes. 936 F.2d at 601. Both O'Neil and Watkins appear to be in conflict with Morrison, but our circuit precedent rule requires us to follow the published decisions of our own circuit.
 
 
 10
 In the case now before us the district court denied the reduction solely because of Jacobs' marijuana use following his guilty plea. The court made no finding as to whether Jacobs' subsequent criminal conduct was related to his burglary offense. We must therefore remand the case for resentencing. On remand the district court should determine whether Jacobs' marijuana use was related to the burglary, and the court should grant or deny the reduction accordingly.
 
 
 11
 Counsel's motion to withdraw is DENIED. Mr. Jacobs' sentence is VACATED, and the matter is REMANDED for resentencing.
 
 
 
 *
 The Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation