54 F.3d 775
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James WEST, Defendant-Appellant.
 No. 94-5730.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 20, 1995.
Decided May 18, 1995.
 
 Clinton W. Smith, Charleston, WV, for Appellant. Rebecca A. Betts, United States Attorney, John C. Parr, Assistant United States Attorney, Charleston, WV, for Appellee.
 Before WIDENER, WILKINSON and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James West pled guilty to one count of distributing crack cocaine, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994). He appeals his sentence of 140 months on the ground that the district court clearly erred in denying him an adjustment for acceptance of responsibility. United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1 (Nov.1993). We affirm.
 
 
 2
 After West's 1992 arrest on drug charges in West Virginia, he was released on bond. He then absconded, was later convicted of grand larceny in New York, and was finally returned to West Virginia, where he entered a guilty plea two years after the offense. The district court found that West had cooperated after his guilty plea, but that a reduction in offense level for acceptance of responsibility was not appropriate in his case because of the untimeliness of his acceptance of responsibility and because of his continued criminal conduct after arrest.
 
 
 3
 We find that the district court did not clearly err in so ruling. The timeliness of a defendant's expression of his acceptance of responsibility and his voluntary termination of criminal conduct, or lack thereof, are important factors for the district court to consider. USSG Sec. 3E1.1, comment. (n. 1(b), (h)); see United States v. Martinez, 901 F.2d 374, 378 (4th Cir.1990) (untimely acceptance of responsibility). Additional criminal conduct, even if unrelated to the offense of conviction, may call into question the defendant's expression of remorse for the offense of conviction. See United States v. McDonald, 22 F.3d 139, 142-44 (7th Cir.1994); United States v. Pace, 17 F.3d 341 (11th Cir.1994); United States v. O'Neil, 936 F.2d 599, 601-02 (1st Cir.1991); United States v. Watkins, 911 F.2d 983, 985 (5th Cir.1990) (unrelated criminal conduct relevant); but see United States v. Morrison, 983 F.2d 730, 733-35 (6th Cir.1993) (holding that unrelated criminal conduct may not be considered). Moreover, a downward adjustment for acceptance of responsibility is usually unwarranted when the defendant obstructs justice, as West did. USSG Sec. 3E1.1, comment. (n. 4).
 
 
 4
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED