101 F.3d 106
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Hilda BROWN, Defendant, Appellant.
 No. 95-1050.
 United States Court of Appeals, First Circuit.
 March 25, 1996.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge]
 Juan E. Alvarez, First Assistant Federal Public Defender for Benicio Sanchez Rivera, Federal Public Defender for the District of Puerto Rico, and Gustavo A. Gelpi, Assistant Federal Public Defender, on brief for appellant.
 Guillermo Gil, United States Attorney, Esther Castro-Schmidt, Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior Litigation Counsel, on brief for appellee.
 Before Torruella, Chief Judge, Stahl and Lynch, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-appellant Hilda M. Brown appeals from her sentence on three grounds, all arising out of her unsuccessful motion for a downward departure from the guideline sentencing range for extraordinary family circumstances. We have jurisdiction to review appellant's claims that the district court's departure decision was affected by mistakes of law. See United States v. Webster, 54 F.3d 1, 4 (1st Cir.1995). We affirm.
 
 1. Fifth Amendment Violation
 
 2
 The Fifth Amendment "has long been interpreted to mean that a defendant may refuse to 'answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.' " United States v. Perez-Franco, 873 F.2d 455, 462 (1st Cir.1989) (quoting Lefkowitz v. Turley, 414 U.S. 70 (1973)). The Supreme Court, while interpreting the privilege broadly, has ruled that it "must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer." Hoffman v. United States, 341 U.S. 479, 486 (1951).
 
 
 3
 Appellant has failed to demonstrate, and we cannot conceive, how any testimony that she might have given at the downward departure hearing could have been incriminating. Therefore, her decision not to testify at the hearing cannot properly be construed as an exercise of her Fifth Amendment privilege against self-incrimination. Accordingly, the district court's consideration of her failure to testify in denying the departure did not violate the Fifth Amendment.
 
 2. Credibility Assessment
 
 4
 Appellant's second argument is that the sentencing court impermissibly relied upon appellant's "criminal character in the underlying offense of conviction" in concluding that she had fabricated her allegation of extraordinary family circumstances. Appellant is referring here to the sentencing court's statement that "[t]he nature of the offense committed by her points to her skills at deception."
 
 
 5
 Appellant's reliance upon United States v. O'Brien, 18 F.3d 301 (5th Cir.), cert. denied, --- U.S. ----, 115 S.Ct. 199 (1994), is misplaced. In the instant case, the sentencing court did not base its departure decision upon an assessment of appellant's worth or rehabilitative potential, see id. Instead, the district court's comment merely indicated that it considered the nature of Brown's criminal conduct in assessing her credibility. There was no error. Cf. United States v. O'Neil, 936 F.2d 599 (1st Cir.1991) (affirming sentencing court's refusal to award two-level credit for acceptance of responsibility and finding "nothing unlawful about a court's looking to a defendant's later conduct in order to help the court decide whether the defendant is truly sorry for the crimes he is charged with").
 
 
 6
 Even if the district court erred in considering the nature of Brown's offense, any error was harmless. See Williams v. United States, 503 U.S. 193 (1992) (remand not required for incorrect application of the guidelines where reviewing court determines that the same sentence would have been imposed had the district court not relied upon the invalid factor). The deceptive nature of Brown's offense was only one of several factors upon which the district court relied in deciding not to depart. It is apparent from the record that the district court would have denied the request for a departure even absent consideration of the nature of her offense.
 
 3. Refusal to Authorize Funds
 
 7
 Brown's final argument is that the district court's denial without a hearing of her request under 18 U.S.C. § 3006(A)(e)(1), constitutes reversible error. A district court's refusal to authorize funds for an expert constitutes reversible error only where there is " 'clear and convincing evidence showing prejudice to the accused.' " United States v. Canessa, 644 F.2d 61, 64 (1st Cir.1981). In this case, Brown was able to hire an expert despite the district court's denial of her request for funds. We conclude that Brown has not shown by "clear and convincing evidence" any prejudice arising from the denial of her request for funds.
 
 
 8
 Accordingly, appellant's conviction and sentence are summarily affirmed. See Loc. R. 27.1.