USCA1 Opinion

 

 March 25, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1050 UNITED STATES, Appellee, v. HILDA BROWN, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Juan E. Alvarez, First Assistant Federal Public Defender for ________________ Benicio Sanchez Rivera, Federal Public Defender for the District of Puerto Rico, and Gustavo A. Gelpi, Assistant Federal Public Defender, ________________ on brief for appellant. Guillermo Gil, United States Attorney, Esther Castro-Schmidt, ______________ ______________________ Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior _______________________ Litigation Counsel, on brief for appellee. ____________________ ____________________ Per Curiam. Defendant-appellant Hilda M. Brown ___________ appeals from her sentence on three grounds, all arising out of her unsuccessful motion for a downward departure from the guideline sentencing range for extraordinary family circumstances. We have jurisdiction to review appellant's claims that the district court's departure decision was affected by mistakes of law. See United States v. Webster, 54 ___ _____________ _______ F.3d 1, 4 (1st Cir. 1995). We affirm.  1. Fifth Amendment Violation _________________________ The Fifth Amendment "has long been interpreted to mean that a defendant may refuse to 'answer official questions put to him in any other proceding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" United States v. Perez-Franco, 873 ______________ ____________ F.2d 455, 462 (1st Cir. 1989) (quoting Lefkowitz v. Turley, _________ ______ 414 U.S. 70 (1973)). The Supreme Court, while interpreting the privilege broadly, has ruled that it "must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer." Hoffman v. United States, 341 _______ ______________ U.S. 479, 486 (1951).  Appellant has failed to demonstrate, and we cannot conceive, how any testimony that she might have given at the downward departure hearing could have been incriminating. Therefore, her decision not to testify at the hearing cannot properly be construed as an exercise of her Fifth Amendment -2- privilege against self-incrimination. Accordingly, the district court's consideration of her failure to testify in denying the departure did not violate the Fifth Amendment. 2. Credibility Assessment ______________________ Appellant's second argument is that the sentencing court impermissibly relied upon appellant's "criminal character in the underlying offense of conviction" in concluding that she had fabricated her allegation of extraordinary family circumstances. Appellant is referring here to the sentencing court's statement that "[t]he nature of the offense committed by her points to her skills at deception."  Appellant's reliance upon United States v. O'Brien, 18 ______________ _______ F.3d 301 (5th Cir.), cert. denied, ___ U.S. ___, 115 S. Ct. _____________ 199 (1994), is misplaced. In the instant case, the sentencing court did not base its departure decision upon an assessment of appellant's worth or rehabilitative potential, see id. Instead, the district court's comment merely ___ ___ indicated that it considered the nature of Brown's criminal conduct in assessing her credibility. There was no error. Cf. United States v. O'Neil, 936 F.2d 599 (1st Cir. 1991) ___ _____________ ______ (affirming sentencing court's refusal to award two-level credit for acceptance of responsibility and finding "nothing unlawful about a court's looking to a defendant's later conduct in order to help the court decide whether the defendant is truly sorry for the crimes he is charged with"). -3- Even if the district court erred in considering the nature of Brown's offense, any error was harmless. See ___ Williams v. United States, 503 U.S. 193 (1992) (remand not ________ _____________ required for incorrect application of the guidelines where reviewing court determines that the same sentence would have been imposed had the district court not relied upon the invalid factor). The deceptive nature of Brown's offense was only one of several factors upon which the district court relied in deciding not to depart. It is apparent from the record that the district court would have denied the request for a departure even absent consideration of the nature of her offense. 3. Refusal to Authorize Funds __________________________ Brown's final argument is that the district court's denial without a hearing of her request under 18 U.S.C.  3006(A)(e)(1), constitutes reversible error. A district court's refusal to authorize funds for an expert constitutes reversible error only where there is "'clear and convincing evidence showing prejudice to the accused.'" United States v. _____________ Canessa, 644 F.2d 61, 64 (1st Cir. 1981). In this case, _______ Brown was able to hire an expert despite the district court's denial of her request for funds. We conclude that Brown has not shown by "clear and convincing evidence" any prejudice arising from the denial of her request for funds. -4- Accordingly, appellant's conviction and sentence are summarily affirmed. See Loc. R. 27.1. __________________ -5-