**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 97-4159

RANDALL G. CRAWFORD,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-96-151)

Submitted: September 25, 1997

Decided: October 15, 1997

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Edward H. Weis, First
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant. Rebecca Betts, United States Attorney, Michael L. Keller,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Randall G. Crawford pled guilty to attempting to interfere with internal revenue laws in violation of 26 U.S.C.§ 7212(a) (1994), and received a sentence of 18 months imprisonment. He appeals his sentence, alleging that the district court clearly should have awarded him an adjustment for acceptance of responsibility under U.S. Sentencing Guidelines Manual, § 3E1.1 (1995). We affirm.

Crawford failed to report as income $110,630 which he stole and embezzled from his employer during 1994 and 1995. Following his guilty plea, he was charged with driving on a suspended license. His license had previously been suspended after he was convicted of driving under the influence of alcohol. Crawford failed to report the new charge to the probation officer supervising him in Kentucky (where he was living) or to the probation officer in West Virginia who interviewed him and prepared the presentence report. Although Crawford cooperated with authorities after his guilty plea and the government did not oppose an adjustment for acceptance of responsibility, the district court decided that Crawford's conduct, and his failure to report it to the probation officer, showed a continued disregard for the law. The court refused to make the adjustment.

We review the court's decision under the clearly erroneous standard.* The district court may find that a defendant has not accepted responsibility despite a guilty plea and truthful admission of his conduct if he engages in conduct inconsistent with acceptance of responsibility. See USSG § 3E1.1, comment. (n.3). Crawford contends that

_____

*Crawford asserts that our review should be de novo because the facts are undisputed. However, the district court's evaluation of a defendant's acceptance of responsibility is a factual determination. See United States v. Myers, 66 F.3d 1364, 1372 (4th Cir. 1995).

2

new criminal conduct which is unrelated to the offense of conviction should not be considered in determining acceptance of responsibility. While the Sixth Circuit has so held, see United States v. Morrison, 983 F.2d 730, 733-35 (6th Cir. 1993), the weight of authority from other circuits is to the contrary. See United States v. Ceccarani, 98 F.3d 126, 129-30 (3d Cir. 1996) (post-offense conduct can shed significant light on sincerity of defendant's claimed remorse), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-7616); United States v. Byrd, 76 F.3d 194, 197 (8th Cir. 1996); United States v. McDonald, 22 F.3d 139, 142-44 (7th Cir. 1994); United States v. Pace, 17 F.3d 341, 343 (11th Cir. 1994); United States v. O'Neil, 936 F.2d 599, 601-02 (1st Cir. 1991); United States v. Watkins, 911 F.2d 983, 985 (5th Cir. 1990). Following these authorities, we find that the district court did not clearly err in finding that Crawford had not accepted responsibility for his criminal conduct.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3