UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 97-4653

OKEY M. SLATE,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, Senior District Judge.
(CR-95-143)

Submitted: May 19, 1998

Decided: June 24, 1998

Before LUTTIG and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Brian A. Glasser, BOWLES, RICE, MCDAVID, GRAFF & LOVE,
P.L.L.C., Charleston, West Virginia, for Appellant. Rebecca A. Betts,
United States Attorney, Michael L. Keller, Assistant United States
Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Okey M. Slate pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C.A. § 922(g) (West Supp. 1998), and received a twenty-five-month prison sentence and three years of supervised release. Slate appeals his sentence, contending that the district court erred by sentencing him in absentia and without a hearing when it reentered the judgment to reinstate the appeal period and by refusing to apply a two-level adjustment under U.S. SENTENCING GUIDELINES MANUAL § 3E1.1 (1994), for acceptance of responsibility. Finding no error, we affirm.

I.

The district court accepted Slate's guilty plea and sentenced him, but no notice of appeal was filed. As a result, Slate filed a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), contending that counsel provided ineffective assistance by failing to file a notice of appeal after being asked to do so. Relying on United States v. Peak, 992 F.2d 39 (4th Cir. 1993), the magistrate judge recommended vacating the judgment and reentering it to afford Slate an opportunity to appeal. Neither Slate nor the government filed objections to the magistrate judge's recommendation. Slate then filed a motion styled as "Motion to Set Matter for Resentencing with Presence of the Defendant and New Counsel Pursuant to Rule 32 [of the Federal Rules of Criminal Procedure] and United States v. Moore, 83 F.3d 1231 (10th Cir. 1996)," in which he sought a new sentencing hearing so that he could object to the probation officer's failure to recommend a two-level adjustment for acceptance of responsibility. The district court granted § 2255 relief, vacated the judgment, and reentered it to reinstate the appeal period. The court also denied the motion for resentencing as moot. This appeal followed.

2

II.

Slate first contends on appeal that the district court erred by vacating and reentering the judgment in absentia and without a hearing in violation of Rules 32 and 43 of the Federal Rules of Criminal Procedure, the Sixth Amendment, and the Due Process Clause. He asserts that the court had the discretion to sentence him de novo after vacating his conviction under Peak to afford him the opportunity to file a direct appeal.

In Peak, we held that a defense attorney's failure to comply with his client's request to file an appeal constitutes ineffective assistance regardless of the likelihood of success on the merits. See Peak, 992 F.2d at 42. Consistent with the remedy this court ordered in Peak, the district court vacated the original judgment of conviction and reimposed the original sentence solely to afford Slate a direct appeal. See id. We therefore find that the district court did not err by reimposing the original judgment without a hearing and Slate's presence.

III.

Slate also claims that the district court erred by refusing to apply a two-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. Slate had a positive urine test for marijuana use while on bond pending sentencing. As a result, the probation officer did not recommend a two-level adjustment for acceptance of responsibility. Because Slate lodged no objections to the presentence report or at the sentencing hearing, he has waived appellate review absent plain error. See United States v. Perkins, 108 F.3d 512, 516 (4th Cir. 1997).

The district court may find that a defendant has not accepted responsibility despite a guilty plea and truthful admission of his conduct if he engages in conduct inconsistent with acceptance of responsibility. See U.S.S.G. § 3E1.1, comment. (n.3). Slate contends that new criminal conduct which is unrelated to the offense of conviction should not be considered in determining acceptance of responsibility. While the Sixth Circuit has so held, see United States v. Morrison, 983 F.2d 730, 733-35 (6th Cir. 1993), the weight of authority from other circuits is to the contrary, see United States v. Ceccarani, 98

3

F.3d 126, 129-30 (3d Cir. 1996) (holding that post-offense conduct can shed significant light on sincerity of defendant's claimed remorse), cert. denied, ___ U.S. #6D 6D6D#, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-7616); United States v. Byrd , 76 F.3d 194, 196-97 (8th Cir. 1996); United States v. McDonald, 22 F.3d 139, 142-44 (7th Cir. 1994); United States v. Pace, 17 F.3d 341, 343-44 (11th Cir. 1994); United States v. O'Neil, 936 F.2d 599, 600-01 (1st Cir. 1991); United States v. Watkins, 911 F.2d 983, 984-85 (5th Cir. 1990). Following these authorities, we find that there was no error--let alone plain error--in the district court's finding that Slate had not accepted responsibility for his criminal conduct based on his positive urine test for marijuana while on bond.

IV.

Accordingly, we affirm Slate's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4