**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4009**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KIRBY GLENN WORRELL, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, Chief District Judge. (7:06-cr-00060-FL-2)

Submitted: September 11, 2008      Decided: September 15, 2008

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Richard L. Cannon, III, CANNON LAW OFFICES, PLLC, Greenville, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kirby Glenn Worrell, Jr., pled guilty to larceny of government property and aiding and abetting, in violation of 18 U.S.C. § 641 (2000), and was sentenced to thirteen months in prison. On appeal, Worrell argues that the district court erred by denying him a reduction for acceptance of responsibility, under U.S. Sentencing Guidelines Manual ("USSG") § 3E1.1 (2006), because Worrell admitted to using cocaine at least two times while on pre-trial release and missed at least six weeks of substance abuse treatment. Finding no error, we affirm.

We review the district court's determination that Worrell failed to accept responsibility for clear error. See United States v. Kise, 369 F.3d 766, 771 (4th Cir. 2004). One of the factors the court may consider in deciding whether to grant a reduction for acceptance of responsibility is whether the defendant has voluntarily terminated or withdrawn from criminal conduct. See USSG § 3E1.1, comment. (n.1(b)). Worrell disputes the district court's decision to deny him the adjustment because he argues that his drug use is unrelated to the criminal conduct to which he pled guilty. Most appellate courts have held that a sentencing court does not clearly err if it chooses to deny an adjustment for acceptance of responsibility based on the commission of criminal conduct that is different from the crime to which the defendant pled guilty. See United States v. Prince, 204 F.3d 1021, 1023-24

2

(10th Cir. 2000); <u>United States v. Ceccarani</u>, 98 F.3d 126, 130-31 (3d Cir. 1996); <u>United States v. Byrd</u>, 76 F.3d 194, 197 (8th Cir. 1996); <u>United States v. McDonald</u>, 22 F.3d 139, 144 (7th Cir. 1994); <u>United States v. Pace</u>, 17 F.3d 341, 343 (11th Cir. 1994); <u>United States v. O'Neil</u>, 936 F.2d 599, 600-01 (1st Cir. 1991); <u>United States v. Watkins</u>, 911 F.2d 983, 984 (5th Cir. 1990). In light of these authorities, we are persuaded that the district court did not clearly err in determining that Worrell was not entitled to a reduction for acceptance of responsibility.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>