**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4054**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

SHAIONA MARIE SMITH, a/k/a Slyfox,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:16-cr-00012-D-12)

Submitted:  August 21, 2018                Decided:  August 29, 2018

Before GREGORY, Chief Judge, WYNN and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Elisa C. Salmon, SALMON LAW FIRM, LLP, Lillington, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shaiona Marie Smith appeals the 78-month sentence she received after pleading guilty to committing a violent crime in aid of racketeering, to wit: assault with a dangerous weapon, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1959(a)(3), 2 (2012). Smith does not contest the validity of her conviction. Instead, Smith challenges the procedural and substantive reasonableness of her sentence, which was at the top of the Sentencing Guidelines range calculated by the district court. For the reasons that follow, we reject the two arguments pressed on appeal and affirm the judgment.

"As a general matter, in reviewing any sentence whether inside, just outside, or significantly outside the Guidelines range, we review for an abuse of discretion." *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017) (internal quotation marks omitted). This court must first ensure that the district court did not commit a significant procedural error. *Gall v. United States*, 552 U.S. 38, 51 (2007). In considering the district court's application of a particular sentencing guideline, we evaluate the relevant factual findings for clear error, but review de novo the pertinent legal conclusions. *United States v. Savage*, 885 F.3d 212, 225 (4th Cir.), *petition for cert. filed* (U.S. July 9, 2018) (No. 18-5225). In conducting clear error review, "we will only reverse if left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted). If there is no procedural error, we then assess the substantive reasonableness of the sentence, taking into account the totality of the circumstances. *Gall*, 552 U.S. at 51. It is well established that "[a] within-Guidelines range sentence is presumptively reasonable." *United States v. White*, 850 F.3d 667, 674 (4th Cir.), *cert. denied*, 137 S. Ct. 2252 (2017).

2

The lone procedural argument presented to us pertains to the district court's denial of the parties' joint motion for a three-level reduction for acceptance of responsibility. *See* U.S. Sentencing Guidelines Manual § 3E1.1 (2016). We review the district court's denial of the acceptance of responsibility adjustment for clear error, affording "great deference" to the district court's decision in this regard, "because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007) (alteration and internal quotation marks omitted).

To earn a § 3E1.1 reduction, the defendant must prove by a preponderance of the evidence "that [s]he has clearly recognized and affirmatively accepted personal responsibility for [her] criminal conduct." *United States v. Nale*, 101 F.3d 1000, 1005 (4th Cir. 1996). Of course, a guilty plea does not automatically entitle a defendant to a reduction for acceptance of responsibility. *Dugger*, 485 F.3d at 239. Indeed, district courts consider several factors in the USSG § 3E1.1 analysis, including a defendant's postarrest and postplea criminal conduct. *United States v. Knight*, 606 F.3d 171, 176-77 (4th Cir. 2010); *Dugger*, 485 F.3d at 240; *United States v. Kidd*, 12 F.3d 30, 34 (4th Cir. 1993); *see* USSG § 3E1.1 cmt. n.1 (listing factors to be considered by district court in acceptance of responsibility analysis).

Here, the district court found that Smith was not entitled to a reduction for acceptance of responsibility based, primarily, on her continued use of illegal drugs while on pretrial supervision. This conduct occurred after Smith's initial arrest and release on her own recognizance, but prior to entry of her guilty plea. Smith contends that so denying the reduction amounted to procedural error because the court did not account for the fact

that the Government agreed that a reduction was appropriate and, in so ruling, the court effectively allowed one aspect of the § 3E1.1 analysis to trump all other relevant considerations.

We reject this argument as it runs contrary to established Fourth Circuit precedent. Specifically, in *Dugger*, we affirmed the district court's denial of acceptance of responsibility where the defendant was indicted for distributing cocaine base and, after his arrest, he sold marijuana and Xanax while in jail awaiting trial—despite the fact that, like Smith, the defendant pled guilty, cooperated with the authorities, and engaged in criminal conduct that was marginally different from the basis for his federal charge.[*] 485 F.3d at 238, 240. Similarly, in *Kidd*, we held that the district court did not err in denying the reduction where the defendant continued to use and distribute cocaine after his indictment and plea agreement related to a drug offense, even though the defendant pled guilty, admitted to measures of relevant conduct, cooperated with his probation officer, and voluntarily participated in rehabilitation. 12 F.3d at 32, 34.

Although Smith points to various factors that weighed in favor of awarding the reduction—including her prompt admission of guilt, her expressions of remorse at sentencing, and her refusal to cast blame on others—the district court acted well within its province in concluding that Smith's recurring use of illegal drugs while on pretrial release

---

[*] On this latter point, many federal courts of appeals agree that the defendant's postarrest criminal conduct need not even be of the same type as that to which he pled guilty in order for acceptance of responsibility to be denied. *United States v. Worrell*, 292 F. App'x 220, 221 (4th Cir. 2008) (No. 08-4009); *see United States v. Jordan*, 549 F.3d 57, 61 (1st Cir. 2008) (collecting cases).

outweighed these positive considerations. *See Bolton*, 858 F.3d at 915 (recognizing that this court has "upheld denials of reductions for acceptance of responsibility where, as here, the defendant continues criminal activity after apprehension, indictment, or guilty plea"); *see accord United States v. McLaughlin*, 378 F.3d 35, 41 (1st Cir. 2004) (opining that defendant's criminal conduct while on pretrial supervision, which included possessing heroin and driving while intoxicated, "belied the genuineness of any self-serving claim of remorse," and upholding the denial of the § 3E1.1 reduction on this basis). While "the district court certainly could have weighed the evidence differently," we will defer to its ruling because there is no "evidence clearly undermining its decision." *United States v. Harris*, 890 F.3d 480, 489 (4th Cir. 2018).

Smith's next and final argument is that the 78-month sentence is substantively unreasonable when considered against the totality of the circumstances. On this record, though, we cannot say that the district court abused its discretion in selecting the 78-month, within-Guidelines sentence for Smith's crime. The district court considered, but flatly rejected, the arguments proffered by the defense in favor of a lower sentence, and rationally found that the selected sentence was appropriate considering Smith's role in the crime of conviction. To be sure, the district court might have agreed that the reasons and circumstances advanced by Smith supported the imposition of a lower sentence. However, the mere fact that the court rejected Smith's arguments does not render the selected sentence substantively unreasonable. Because there is a range of permissible outcomes for any case, an appellate court must resist the temptation to "pick and choose" among possible sentences and rather must "defer to the district court's judgment so long as it falls within

5

the realm of these rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007); *see United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (observing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors"); *United States v. Carter*, 538 F.3d 784, 790 (7th Cir. 2008) (noting substantive reasonableness "contemplates a range, not a point" (internal quotation marks omitted)). The selected within-Guidelines sentence qualifies as such a rational choice.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*