**UNITED STATES of America, Appellee,**

v.

**Michael Dean BYRD, Appellant.**

No. 95–2979.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 12, 1995.

Decided Feb. 5, 1996.

Timothy L. Thomas, Rapid City, South Dakota, argued, for appellant.

Mary P. Thorstenson, Assistant Attorney General, argued, for appellee.

Before, BOWMAN and LOKEN, Circuit Judges, and SCHWARZER *, Senior District Judge.

SCHWARZER, Senior District Judge.

Michael Dean Byrd pleaded guilty to assault with a dangerous weapon in violation of 18 U.S.C. § 113(c). According to the presentence investigation report, while on release pending sentencing, Byrd submitted a urine sample to his probation officer which tested positive for cannabinoid 50 THC metabolite (marijuana). At his sentencing hearing, Byrd admitted to testing positive for marijuana but denied having used it. Instead, he attributed his positive test to his having resided at the home of friends who smoked marijuana. Based on the totality of circumstances, including Byrd's positive test, the district court [1] denied Byrd's request for a 3–point adjustment for acceptance of responsibility and imposed a sentence of sixty months and three years of supervised release. Byrd appeals his sentence.

We review a district court's factual findings regarding defendant's acceptance of responsibility for clear error and overturn the court's denial of such a reduction "only if 'it is without foundation.'" *United States v. Skorniak*, 59 F.3d 750, 757 (8th Cir.1995) (citations omitted), *cert. denied*, —— U.S. ——, 116 S.Ct. 487, 133 L.Ed.2d 414 (1995).

---

* The HONORABLE WILLIAM W. SCHWARZER, Senior United States District Judge for the Northern District of California, sitting by designation.

1. The Honorable Richard H. Battey, Chief Judge, United States District Court for the District of South Dakota.

"Great deference" is afforded "[t]he sentencing judge [who] is in a unique position to evaluate defendant's acceptance of responsibility" in particular cases. United States Sentencing Commission, *Guidelines Manual*, § 3E1.1, Application Note 5 (Nov.1994). The mere act of pleading guilty does not entitle defendant to such a reduction. *Skorniak*, 59 F.3d at 757; *see also* U.S.S.G., § 3E1.1, Application Note 3 ("A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.").

Byrd offers two reasons why the court clearly erred in denying the reduction for acceptance of responsibility: (1) the government failed to sustain its burden of proving "[d]efendant did in fact smoke marijuana while on post plea release"; and (2) in denying the adjustment, the court considered conduct unrelated to the offense of conviction.

With respect to the first argument, Byrd relies on *United States v. Hammer*, 3 F.3d 266 (8th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1121, 127 L.Ed.2d 430 (1994), to contend that the district court erroneously considered "the conclusion in the Report that he had smoked marijuana on post-plea release" to set his sentence. *Hammer* held, inter alia, that "[u]nless a defendant has admitted the facts alleged in a presentence report, the report is not evidence and is not a legally sufficient basis for making findings on contested issues of material fact." 3 F.3d at 272. Defendant argues that since he objected to the presentence report's conclusion that he had smoked marijuana, the district court erred in basing its sentence on that conclusion. However, this argument is flawed in at least two respects.

■ First, *Hammer* does not apply to the instant case, since the fact disputed by defendant—smoking marijuana—is relevant not to the sentence itself (which was based on the underlying assault with a dangerous weapon offense) but to defendant's request for a downward adjustment. As *Hammer* clearly states, "[t]he burden of proof is on the defendant with respect to mitigating factors." 3 F.3d at 272. (On this point, defendant's reliance on *United States v. Courtney*, 979 F.2d 45 (5th Cir.1992), is also misplaced since *Courtney* involved a revocation proceeding

where the government had the burden of proving the offender's drug use.) Defendant failed to meet his burden of proving acceptance of responsibility in any meaningful way—e.g., by disputing the test results, by witness testimony contradicting the results, or by evidence that the positive test was caused by ingestion of a legal prescription drug. In fact, defendant admitted to testing positive for marijuana, and dismissed the presence and use of marijuana in his home as "none of m[y] ... business." Thus, we fail to see how the district court erred in finding that defendant did not accept responsibility for his criminal conduct.

Moreover, the district court did not rely on the presentence report's conclusion that he had smoked marijuana to deny the acceptance of responsibility adjustment, but came to its own conclusion that defendant had engaged in criminal conduct based on the positive test, to which defendant admitted, and the totality of the circumstances. As the court below stated:

> Based upon the totality of the file in this case, including the fact that the defendant took somewhat of a cavalier attitude towards the presence of persons smoking marijuana, the fact that he returned a dirty urinalysis showing the presence of marijuana, lead the Court to believe that it's somewhat incongruous that he did not smoke marijuana along with his friends.

> Accordingly, the Court finds that the burden to establish acceptance of responsibility has not been satisfied.

■ Byrd's second argument—whether a district court can deny the acceptance of responsibility reduction based on criminal conduct unrelated to the underlying offense—raises an issue not yet decided by this court. *See United States v. Poplawski*, 46 F.3d 42, 43 (8th Cir.1995) (holding that "continued use of a drug is related to the offense of conspiring to manufacture and distribute that drug," and thus "[w]e need not resolve the unrelated conduct issue in this case."), *cert. denied*, —— U.S. ——, 115 S.Ct. 2261, 132 L.Ed.2d 266 (1995). The circuits are split. In a two-to-one decision, the Sixth Circuit has held:

acceptance of responsibility, as contemplated by the United States Sentencing Commission, is "acceptance of responsibility *for his offense,*" ... not for "illegal conduct" generally. Considering unrelated criminal conduct unfairly penalizes a defendant for a criminal disposition, when true remorse for specific criminal behavior is the issue. *United States v. Morrison,* 983 F.2d 730, 735 (6th Cir.1993) (citations and footnote omitted; emphasis in original case).

All other circuits that have addressed this issue have held that the sentencing court may consider criminal conduct unrelated to the underlying offense in determining whether defendant qualifies for an adjustment for acceptance of responsibility. *United States v. McDonald,* 22 F.3d 139, 144 (7th Cir.1994) (reviewing cases in various circuits) (affirming denial of acceptance of responsibility where defendant used cocaine while awaiting sentence for counterfeiting); *United States v. O'Neil,* 936 F.2d 599, 600–01 (1st Cir.1991) (upholding denial of acceptance of responsibility where defendant used marijuana after committing mail theft); *United States v. Watkins,* 911 F.2d 983, 984 (5th Cir.1990) (affirming denial of acceptance of responsibility adjustment where defendant used cocaine while on release pending sentencing for forgery); *United States v. Scroggins,* 880 F.2d 1204, 1215–16 (11th Cir.1989), *cert. denied,* 494 U.S. 1083, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990) (holding "the district court acted well within its discretion in concluding that appellant's continuing use of cocaine cast doubt on the sincerity of his avowed acceptance of responsibility" for the underlying postal theft offense).

We are persuaded by the decisions of the First, Fifth, Seventh, and Eleventh Circuits, and decline to find that Section 3E1.1 contains any restriction against considering unrelated criminal conduct in denying an acceptance of responsibility reduction. Rather, the guideline permits the district court to consider whether defendant has demonstrated "voluntary termination or withdrawal from criminal conduct or associations," U.S.S.G. § 3E1.1, Application Note 1(b), and defendant's conduct "may ... outweigh" the fact that defendant pleaded guilty to the underlying offense. While, as the First Circuit has noted, "[t]he fact that a defendant engages in later, undesirable, behavior does not *necessarily* prove that he is not sorry for an earlier offense," such conduct "certainly could shed light on the sincerity of a defendant's claims of remorse." *United States v. O'Neil,* 936 F.2d at 600.

We conclude that Guideline § 3E1.1 does not preclude the sentencing judge, in the exercise of his or her discretion, from considering unlawful conduct unrelated to the offense of conviction in determining whether a defendant qualifies for an adjustment for acceptance of responsibility.

AFFIRMED.