United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3811
_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   Western District of Missouri. |
| Robert James Brown, | * |
| | *      **[UNPUBLISHED]** |
| Appellant. | * |

_____

Submitted: June 20, 1997
Filed: June 25, 2997
_____

Before BEAM, MORRIS SHEPPARD ARNOLD, and LOKEN, Circuit Judges.
_____

PER CURIAM.

Robert James Brown pleaded guilty to manufacturing marijuana, in violation of 21 U.S.C. § 841(a)(1). The district court[1] sentenced Brown to 70 months imprisonment and five years supervised release, and he appeals. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and was granted leave to withdraw. Brown has filed a pro se supplemental brief with our permission. We affirm.

---

[1]The HONORABLE RUSSELL G. CLARK, United States District Judge for the Western District of Missouri.

Brown argues the district court erred in denying him a downward adjustment for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1 (1995). The undisputed record evidence clearly demonstrates that Brown committed the offense of trespass while on bond, that he consistently disputed the number of marijuana plants involved, and that his statements to the presentence officer minimized significantly the extent of his involvement and contradicted his stipulations in his plea agreement. See U.S. Sentencing Guidelines Manual § 3E1.1, comment. (n.1(a), (h)) (factors to consider) (1995); cf. United States v. Byrd, 76 F.3d 194, 197 (8th Cir. 1996) (§ 3E1.1 does not preclude consideration of unlawful conduct unrelated to offense of conviction in determining whether defendant qualifies for acceptance-of-responsibility adjustment; such conduct could shed light on sincerity of defendant's claims of remorse); United States v. Contreras, 927 F.2d 1058, 1059 (8th Cir.) (affirming denial of § 3E1.1 reduction where defendant refused to admit extensive involvement in drug distribution scheme despite contrary evidence), cert. denied, 502 U.S. 929 (1991). Under these circumstances, we find no clear error in the district court's denial of the acceptance-of-responsibility adjustment. See Byrd, 76 F.3d at 195 (standard of review).

To the extent Brown challenges the district court's finding regarding the number of plants involved in the offense, we further conclude Brown waived his right to such a challenge by reaching an agreement with the government that 594 plants were involved and withdrawing his objection at sentencing. See United States v. Hipolito-Sanchez, 998 F.2d 594, 596 (8th Cir. 1993) (per curiam) (where defendant withdrew objection to drug amount in PSR at sentencing, he waived his right to challenge that amount on appeal); cf. United States v. Fritsch, 891 F.2d 667, 668 (8th Cir. 1989) (where defendant voluntarily exposed himself to specific sentence and did not object in district court, he waived his right to appeal punishment).

Having reviewed the record, we find no other nonfrivolous issues. See Penson v. Ohio, 488 U.S. 75, 80 (1988). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.