UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4052

JAMES DAVID SLUSS,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
David A. Faber, District Judge.
(CR-97-112)

Submitted: June 30, 1998

Decided: July 22, 1998

Before NIEMEYER and LUTTIG, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, George H. Lancaster, Jr.,
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant. Rebecca A. Betts, United States Attorney, John L. File,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James David Sluss pled guilty to possession with intent to distribute marijuana and distribution of marijuana in violation of 21 U.S.C. § 841(a)(1) (1994). He was sentenced to fourteen months' imprisonment followed by three years of supervised release. Sluss timely noted an appeal from the district court's order. Finding no error, we affirm.

Sluss contends that the district court erred by denying him a reduction in his offense level for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1 (1995). We review the district judge's factual determination regarding a defendant's acceptance of responsibility under the clearly erroneous standard. See United States v. Myers, 66 F.3d 1364, 1372 (4th Cir. 1995). The guidelines provide for a reduction in sentencing if the defendant "clearly demonstrates acceptance of responsibility for his offense." USSG § 3E1.1. In addition, in order to receive a reduction under § 3E1.1 for acceptance of responsibility, the defendant must prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct. See Myers, 66 F.3d at 1371. "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." USSG § 3E1.1 comment. (n.5).

The district court denied Sluss the reduction under§ 3E1.1 because Sluss directly violated the court's order which imposed electronic monitoring home detention. Sluss, who was confined to his parents' home prior to sentencing, got into an argument with his father and another man at his parents' house. Sluss then cut the transmitting device off his ankle and left his parents' home. **1** Some time later that

_____

**1** Sluss contends that he left his parents' home because he feared the argument would escalate into a physical confrontation.

2

evening, Sluss contacted his mother, who informed him that she had called the probation office and the state police. Sluss then also contacted the state police.

Sluss pled guilty and readily admitted the conduct specified in the indictment; however, he directly violated the court's order imposing electronic monitoring home detention. Although a guilty plea may be considered when determining whether to grant an adjustment under § 3E1.1, the plea does not automatically entitle a defendant to the reduction. See United States v. Harris, 882 F.2d 902, 905-07 (4th Cir. 1989). Further, when determining the sincerity of a defendant's acceptance of responsibility, the district court may consider post-plea criminal conduct, even when it is unrelated to the offense of conviction.[2] See United States v. Ceccarani, 98 F.3d 126, 129-30 (3d Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-7616); United States v. Byrd, 76 F.3d 194, 197 (8th Cir. 1996) (collecting cases); but see United States v. Morrison, 983 F.2d 730, 733-35 (6th Cir. 1993) (finding that new unrelated criminal conduct should not be considered).

We find that Sluss's disregard of the district court's order imposing electronic monitoring home detention shows that he has not clearly recognized and affirmatively accepted personal responsibility for his criminal conduct. See Myers, 66 F.3d at 1371. Accordingly, the district court's denial of the adjustment for acceptance of responsibility was not clearly erroneous. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

[2] Any person who willfully disobeys a court order shall be prosecuted for contempt. See 18 U.S.C.A. § 402 (West 1966 & Supp. 1998). Thus, Sluss's willful disregard of the district court's home detention order constituted criminal conduct.