# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3075

_____

United States of America,      \*
         \*
       Appellee,      \*    Appeal from the United States
         \*    District Court for the Western
   v.          \*    District of Missouri.
         \*
Ora M. Cogburn,        \*      [UNPUBLISHED]
         \*
       Appellant.     \*

_____

Submitted: January 15, 2002

Filed: January 24, 2002

_____

Before BOWMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

On February 1, 2001, Ora M. Cogburn entered into an oral plea agreement and pleaded guilty to unlawfully transporting a stolen car in interstate commerce in violation of 18 U.S.C. § 2312. Eight days later, Cogburn was convicted on an unrelated charge of petty theft arising out of a December 2000 shoplifting incident. Five months later, pretrial services reported that a June 2001 urine sample provided by Cogburn had tested positive for amphetamine, methamphetamine, marijuana, and cocaine. At Cogburn's August 2001 sentencing hearing on the charge of transporting a stolen car in interstate commerce, she claimed a two-point sentencing level

reduction for acceptance of responsibility. The district court[*] denied this request, adopting the presentence report recommendation that Cogburn not receive a reduction because of her post-plea agreement petty theft conviction and illegal drug use. Cogburn was sentenced to eight months in prison. Cogburn appeals the denial of a reduction in her sentencing level.

We review the district court's denial of a sentencing level reduction for clear error. See United States v. Byrd, 76 F.3d 194, 195 (8th Cir. 1996). Defendants often request an adjustment for acceptance of responsibility after pleading guilty, but a guilty plea does not automatically entitle a defendant to a downward adjustment. U.S.S.G. § 3E1.1 Application Note 3 (2001). The court may consider many factors when deciding whether to grant this adjustment, including whether a defendant has voluntarily withdrawn from criminal conduct. Id. at Application Note 1(b). When evaluating Cogburn's request for an acceptance of responsibility reduction, the district court was acting within its discretion when it considered Cogburn's post-plea agreement petty theft conviction and illegal drug use, even though both incidents of criminal conduct were unrelated to the offense for which Cogburn was being sentenced. See Byrd, 76 F.3d at 197. Because the district court did not commit clear error when it denied Cogburn an acceptance of responsibility sentencing reduction, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[*]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.