# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3058

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of South Dakota. |
| | * | |
| Echo Red Horse, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  March 13, 2002

Filed:  March 19, 2002

_____

Before FAGG and BEAM, Circuit Judges, and GOLDBERG,[*] Judge.

_____

PER CURIAM.

Echo Red Horse pleaded guilty to committing assault with a dangerous weapon in violation of 18 U.S.C. §§ 113(a)(3) and 1153 (1994).  The district court[**] denied Red Horse's request for a sentencing level reduction for acceptance of responsibility

_____

[*]The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

[**]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

under United States Sentencing Guidelines § 3E1.1, and sentenced her to 37 months in prison followed by three years of supervised release. Red Horse appeals the district court's denial of the reduction, and we affirm.

Red Horse contends she should be granted an acceptance of responsibility reduction because she pleaded guilty and has admitted that she caused the victim's primary injury. However, Red Horse also violated her bond three times between her indictment on the assault charge and her sentencing hearing nearly seven months later. The district court appropriately considered these bond violations, see U.S.S.G. § 3E1.1, n.1(b) (2001) (the court may consider "voluntary termination or withdrawal from criminal conduct"), and its decision to deny the requested reduction is free from clear error, see United States v. Byrd, 76 F.3d 194, 195 (8th Cir. 1996) (we "overturn the court's denial of such a reduction 'only if it is without foundation'") (citation omitted); U.S.S.G. § 3E1.1, n.3 (2001) (a defendant's guilty plea and related conduct may be "outweighed by conduct of defendant that is inconsistent with such acceptance of responsibility"). Although the district court considered additional factors which supplemented its decision to deny the reduction, we need not review those factors because Red Horse's bond violations alone are a sufficient basis for denying the requested reduction. See United States v. Shinder, 8 F.3d 633, 635 (8th Cir. 1993). Thus, we affirm Red Horse's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.