# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1015

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Pete Christopher Brown, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 24, 2002

Filed: April 29, 2002

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Pete Christopher Brown pleaded guilty to willfully and knowingly stealing in excess of $1,000 belonging to the United States, in violation of 18 U.S.C. § 641. The district court[1] sentenced him to 18 months in prison and 3 years of supervised release, and imposed mandatory restitution of $3,000. On appeal, Brown argues the court should have granted an acceptance-of-responsibility reduction.

_____

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

We conclude that the court did not clearly err in denying the reduction, because--even though Brown came forward and admitted his crime--he had subsequently tested positive for drugs, failed to complete a drug treatment program as ordered, and failed to report to his pretrial services officer. See U.S.S.G. § 3E1.1(a) (defendant may receive reduction if he "clearly demonstrates acceptance of responsibility for his offense"); United States v. Ervasti, 201 F.3d 1029, 1043 (8th Cir. 2000) (standard of review); United States v. Byrd, 76 F.3d 194, 196-97 (8th Cir. 1996) (sentencing judge may consider conduct unrelated to offense in determining whether defendant qualifies for acceptance-of-responsibility adjustment).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.