# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2908

_____

United States of America,      *

     *

        Plaintiff-Appellee,     *

     *    Appeal from the United States

     v.               *    District Court for the

     *    District of Minnesota.

Miguel Angel Arellano,      *

     *

        Defendant-Appellant.    *

_____

Submitted: May 16, 2002
Filed: June 6, 2002

_____

Before LOKEN, HEANEY, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Miguel Arellano pled guilty to possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(B), and the district court[1] sentenced him to 97 months. On his appeal Arellano argues that he should have received a sentence reduction for acceptance of responsibility. We affirm.

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

After Arellano sold an ounce of cocaine to a police informant in December 2000, officers obtained a warrant to search his residence which was at the home of a friend who was traveling in Mexico. The search uncovered more than four kilograms of cocaine and seventy grams of cocaine base, more than $22,000 in cash, a loaded handgun and ammunition, two scales, and drug packaging equipment. Arellano was present during the search and assisted the officers with it. Following his indictment, Arellano provided information regarding his offense and names of others allegedly involved in criminal activities. While the information was regarded to be truthful, it did not lead to the development of other cases, and the government did not move for a downward departure on the basis of substantial assistance.

Arellano pled guilty in March 2001. In the plea agreement the government agreed to recommend a three level reduction for acceptance of responsibility. See United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 2000). It also agreed not to request a two level sentencing enhancement for the firearm found during the search of Arellano's residence, see § 2D1.1(b)(1), and not to oppose his request for a two level reduction under the safety valve provision for first time offenders. See § 5C1.2, § 2D1.1(b)(6).[2] Arellano agreed not to contest forfeiture of the currency seized at his residence.

An incident which affected his sentencing occurred one month after his plea. At the jail where he was being held, Arellano hit a correction officer and knocked him

_____

[2]A sentence lower than a mandatory statutory minimum is permitted if: (1) the defendant's criminal history category is I; (2) the defendant did not possess a firearm or use violence in connection with the offense; (3) the offense did not result in death or serious bodily injury; (4) the defendant was not an organizer of others in the offense and was not engaged in a continuing criminal enterprise; and (5) the defendant provided the government with truthful and complete information about the crime. USSG § 5C1.2, § 2D1.1(b)(6) (two level reduction in offense level). See also 18 U.S.C. § 3553(f)(1)-(5).

over. He was subsequently charged with assaulting a correctional officer, and the state prosecution has been continued until resolution of this case.

Before sentencing Arellano signed a written statement acknowledging his guilt which indicated he had acted as an agent for the owner of the drugs and was responsible for selling them and collecting the proceeds. Arellano argued that he should be granted a sentencing reduction for acceptance of responsibility because of his acknowledgment of guilt and the cooperation he had provided. The court denied a reduction, however, after finding that Arellano's conduct while incarcerated was inconsistent with acceptance of responsibility. His base offense level was calculated at 32 based on the amount of cocaine involved, see USSG § 2D1.1(c)(4), and the court granted him a two level safety valve reduction under § 5C1.2. His adjusted offense level of 30, combined with a criminal history category of I, resulted in a guidelines range of 97 to 121 months. USSG Ch. 5, pt. A. The court sentenced him at the low end of the range to 97 months.

A sentencing court may give a defendant who "clearly demonstrates acceptance of responsibility for his offense" and has "assisted authorities in the investigation or prosecution of his own misconduct" a three level downward adjustment from his base offense level. USSG § 3E1.1(a),(b). Arellano contends on appeal that he should have been granted the reduction. He points out that he cooperated during the search, provided truthful information, and pled guilty. He argues that his actions demonstrated a clear acceptance of responsibility.

A district court's factual determination on whether a defendant has demonstrated acceptance of responsibility is entitled to great deference and should be reversed only if it is so clearly erroneous as to be without foundation. United States v. Ngo, 132 F.3d 1231, 1233 (8th Cir. 1997). See also USSG § 3E1.1, comment (n.5) (determination of sentencing court entitled to great deference). A defendant has the burden to show he is entitled to acceptance of responsibility. Ngo,

132 F.3d at 1233. One factor in determining whether a defendant has clearly demonstrated acceptance is whether he has withdrawn from "criminal conduct." § 3E1.1, comment (n.1(b)).

Even unrelated criminal conduct may make an acceptance of responsibility reduction inappropriate, Ngo, 132 F.3d at 1233 (driving while intoxicated), and a defendant's behavior in jail while awaiting sentencing is a relevant consideration. United States v. Atlas, 94 F.3d 447, 451 (8th Cir. 1996). The district court was entitled to consider Arellano's physical assault on the correction officer in determining whether he had clearly accepted responsibility, and we cannot say that the district court erred in its finding.

The judgment of the district court is affirmed.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.