**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 12-4203**

—————————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

LAMONTE TERRELL DAVIS,

          Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, District Judge. (3:11-cr-00834-CMC-1)

—————————

Submitted: July 24, 2012        Decided: August 17, 2012

—————————

Before NIEMEYER, MOTZ, and FLOYD, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Langdon D. Long, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, Robert C. Jendron, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamonte Terrell Davis pled guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (2006). Davis was sentenced to 262 months' imprisonment. He appeals his sentence, arguing that the district court erred by denying him a reduction in his offense level for acceptance of responsibility. We affirm.

After pleading guilty, but before sentencing, Davis was involved in an altercation with several correctional officers at the detention facility where he was being held. Finding this to be continuing criminal conduct, the district court denied him a reduction for acceptance of responsibility. Davis argues that he should have received a three-level reduction in his offense level for acceptance of responsibility, under U.S. Sentencing Guidelines Manual ("USSG") § 3E1.1 (2011), because (1) the facts upon which the district court relied with regard to the alleged assault were insufficient to prove criminal conduct, and (2) the post-plea incident was too far removed from the underlying offense to justify denying a reduction for acceptance of responsibility.

We review a district court's decision to deny an adjustment for acceptance of responsibility for clear error. United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007). We

2

give great deference to the district court's decision, because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." USSG § 3E1.1 cmt. n.5. The Guidelines allow a district court to reduce the defendant's sentence if the defendant "clearly demonstrates acceptance of responsibility for his offense." Id. § 3E1.1(a). Note 1 to § 3E1.1 lists a number of factors that may be considered in making this determination, including whether the defendant voluntarily terminated criminal conduct. The defendant must prove to the court by a preponderance of the evidence "that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." United States v. Nale, 101 F.3d 1000, 1005 (4th Cir. 1996).

Davis contends that the evidence provided at the sentencing hearing was insufficient to justify the district court's factual finding that Davis assaulted a correctional officer. However, the district court heard testimony about Davis' altercation with the correctional officers at his detention center from multiple witnesses for both parties. As a result, the district court found that Davis had not terminated his criminal conduct and was not deserving of a downward adjustment for acceptance of responsibility. We conclude that the district court did not clearly err in making this factual finding.

Davis also argues that assault upon a correctional officer is too far removed from a conviction of being a felon in possession of a firearm to justify denying a reduction based upon acceptance of responsibility. Denial of a reduction for acceptance of responsibility is appropriate even when the post-plea criminal conduct is unrelated to and different from the underlying offense. See, e.g., United States v. Arellano, 291 F.3d 1032, 1034-35 (8th Cir. 2002) (affirming the district court's denial of a reduction for acceptance of responsibility when the defendant pled guilty to a drug offense and then assaulted a correctional officer while in detention awaiting sentencing). Thus, the district court did not err when it denied the reduction based upon Davis' post-plea, pre-sentencing assault upon a correctional officer.

Accordingly, because we find no fault with the district court's sentencing determination, we affirm the court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4