# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3547
_____

United States of America

*Plaintiff - Appellee*

v.

Brandon Scott Sutton

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs
_____

Submitted: April 8, 2013
Filed: June 28, 2013
[Unpublished]
_____

Before WOLLMAN, BEAM, and MURPHY, Circuit Judges.
_____

PER CURIAM.

Brandon Scott Sutton appeals from his sentence of 26 months' imprisonment, arguing that the district court[1] erred by declining to grant him a three-level reduction

_____

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

for acceptance of responsibility under United States Sentencing Guidelines (Guidelines) § 3E1.1. We affirm.

On October 6, 2011, Sutton responded to his termination from his job with a tree service company by wielding a large wrench and threatening his coworkers with violence. These threats included warning his coworkers that he had a gun and knew where they lived. Sutton's coworkers called the police after they saw a handgun in his truck. As a convicted felon, Sutton was prohibited from possessing a firearm, and he later pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Sutton was detained in the Pottawattamie County Jail prior to pleading guilty and for an additional period thereafter prior to his sentencing. During his time in this facility, Sutton was involved in several physical and verbal altercations with other inmates and correctional officers. These incidents included his attacking one inmate, fighting with another inmate, threatening on two occasions to stab other inmates, threatening to "jack" a correctional officer across his head, and making a veiled threat to another correctional officer about being shot on the street.

At sentencing, the district court concluded that Sutton's behavior while detained in the Pottawattamie County Jail demonstrated that he had not accepted responsibility for his crime. The district court thus declined to apply the three-level reduction for acceptance of responsibility under Guidelines § 3E1.1, which resulted in a sentencing range of 41 to 51 months' imprisonment. See Sent. Hr'g Tr. 16:1-10. Nevertheless, the district court found that a downward variance was appropriate and sentenced Sutton to 26 months' imprisonment.

"We review the district court's denial of an acceptance of responsibility reduction for clear error." United States v. Smith, 665 F.3d 951, 957 (8th Cir. 2011). "A district court's factual determination on whether a defendant has demonstrated

acceptance of responsibility is entitled to great deference and should be reversed only if it is so clearly erroneous as to be without foundation." United States v. Arellano, 291 F.3d 1032, 1034 (8th Cir. 2002). Application Note 1(B) to § 3E1.1 states that a relevant consideration in determining whether a defendant is entitled to acceptance of responsibility is whether there has been a "voluntary termination or withdrawal from criminal conduct[.]" U.S.S.G. § 3E1.1, cmt. (n.1(B)). "While . . . '[t]he fact that a defendant engages in later, undesirable, behavior does not *necessarily* prove that he is not sorry for an earlier offense,' such conduct 'certainly could shed light on the sincerity of a defendant's claims of remorse.'" United States v. Byrd, 76 F.3d 194, 197 (8th Cir. 1996) (second alteration in original) (quoting United States v. O'Neil, 936 F.2d 599, 600 (1st Cir. 1991)).

Acts of violence and threats by a defendant while incarcerated have been deemed sufficient grounds for a denial of the acceptance of responsibility reduction under § 3E1.1. See, e.g., Arellano, 291 F.3d at 1035 (affirming the denial of the acceptance of responsibility reduction when defendant struck a correctional officer); United States v. Winters, 411 F.3d 967, 973-74 (8th Cir. 2005) (affirming the denial of the acceptance of responsibility reduction based upon pretrial disciplinary problems and a letter containing veiled threats). In light of Sutton's conduct while incarcerated at the Pottawattamie County Jail, we conclude that the district court did not clearly err in denying a reduction for acceptance of responsibility.

We affirm the sentence.

_____