# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2861

_____

United States of America

*Plaintiff - Appellee*

v.

Jorge Alberto Hernandez-Rivas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 16, 2014
Filed: June 27, 2014
[Unpublished]

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jorge Alberto Hernandez-Rivas appeals the sentence imposed after he pled guilty, without a plea agreement, to being an illegal alien in possession of a firearm, in violation of 19 U.S.C. §§ 922(g)(5)(A) and 924(a)(2). Counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and moved to withdraw.

Hernandez-Rivas argues the district court[1] erred by applying a four-level enhancement for possession of a firearm in connection with another felony offense, and by failing to apply a three-level reduction for acceptance of responsibility. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Testimony at sentencing established that Hernandez-Rivas thought another driver was aggressive, so he pulled a gun and aimed it at him. The district court rejected the defense's argument that use of a weapon is a reasonable response to an interstate-highway dispute and imposed the four-level enhancement. The court disallowed the acceptance-of-responsibility reduction because Hernandez-Rivas's attempt to justify his behavior is contrary to accepting responsibility.

The district court did not err in applying the four-level enhancement or in denying the three-level reduction. *See United States v. Arellano*, 291 F.3d 1032, 1034 (8th Cir. 2002) (factual finding about acceptance of responsibility is reversed only if so clearly erroneous as to be without foundation); U.S.S.G. § 3E1.1, comment, n.1(A) (defendant not required to admit relevant conduct beyond offense of conviction in order to qualify for reduction, but "defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility"), comment, n.5 (sentencing court is in unique position to evaluate acceptance of responsibility).

This court has independently reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988). The imposition of the condition of supervised release that Hernandez-Rivas abstain from alcohol and alcohol-selling businesses is not plain error. *See United States v. Simons*, 614 F.3d 475, 478-79 (8th Cir. 2010) (when defendant fails to object to supervised release condition at sentencing, review is plain

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

error; plain error occurs if district court deviates from legal rule and error is clear under current law, affects defendant's substantial rights, and seriously affects fairness, integrity, or public reputation of judicial proceedings).   Hernandez-Rivas did not object at sentencing and the district court articulated reasons for the condition. *See id.* at 481 (questioning supervised release condition banning alcohol, but holding it was not plain error).   Moreover, Hernandez-Rivas was sentenced at the bottom of the appropriate Guidelines range and the sentence was not substantively unreasonable. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (court reviews sentences for abuse of discretion, and may apply presumption of reasonableness to within-Guidelines-range sentence).   There are no non-frivolous issues for appeal.

The judgment is affirmed, and counsel's motion to withdraw is granted.

_____