# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2286
_____

United States of America

*Plaintiff - Appellee*

v.

Timothy West, also known as Timothy Muhammad

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: May 18, 2018
Filed: June 5, 2018
[Unpublished]

_____

Before WOLLMAN, BENTON, and STRAS, Circuit Judges.

_____

PER CURIAM.

After pleading guilty to two federal offenses, Timothy West violated his conditions of release by using marijuana. At sentencing, the district court[1] denied

_____

[1] The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

an acceptance-of-responsibility reduction because of West's failure to comply with the law. He challenges the court's decision to deny the reduction, even though we have consistently held that "unrelated criminal conduct may make an acceptance of responsibility reduction inappropriate." *United States v. Arellano*, 291 F.3d 1032, 1035 (8th Cir. 2002). Applying this precedent, we affirm.

At his sentencing hearing, West argued that he had accepted responsibility for his crimes, so he deserved a reduction to his offense level under section 3E1.1 of the United States Sentencing Guidelines ("U.S.S.G."). The court found West had not accepted responsibility, based in part on a positive marijuana test, and sentenced him to twenty-four months in prison.

"One factor in determining whether a defendant has clearly demonstrated acceptance is whether he has withdrawn from 'criminal conduct.'" *Arellano*, 291 F.3d at 1034–35 (quoting U.S.S.G. § 3E1.1 cmt. n.1(b)). West's sole argument on appeal is that the district court should have considered only criminal conduct related to his underlying offenses in assessing whether he had accepted responsibility for his crimes. In West's view, the district court should have ignored his marijuana use because it was unrelated to either of his offenses.

This is not a question of first impression. In *United States v. Byrd*, we held that a district court does not abuse its discretion if it considers a positive marijuana test in denying an acceptance-of-responsibility reduction, even if the marijuana use is unrelated to the offense of conviction. 76 F.3d 194, 197 (8th Cir. 1996); *see also United States v. William*, 681 F.3d 936, 939 (8th Cir. 2012) (affirming the denial of an acceptance-of-responsibility reduction based in part on the defendant's involvement in an unrelated robbery). West's argument boils down to a request to overrule *Byrd*, something that we as a panel may not do. *See Owsley v. Luebbers*, 281 F.3d 687, 690 (8th Cir. 2002) (per curiam) ("[O]ne panel is bound by the decision of a prior panel.").

The judgment of the district court is affirmed.

_____