**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4145**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

TRAVEON SHAQUILLE MARTIN,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:17-cr-00237-BR-1)

Submitted: August 8, 2018                                    Decided: September 7, 2018

Before KEENAN and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Research & Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Banumathi Rangarajan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Traveon Shaquille Martin pled guilty to two federal drug-distribution charges and two federal firearm charges, and the district court sentenced him to 130 months of imprisonment. Martin now appeals his sentence, arguing that the court committed significant procedural error by declining to decrease his sentencing guidelines offense level by three levels for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. We affirm.

I

In October 2016, officers with the Raleigh (NC) Police Department (RPD) made two separate controlled purchases of crack cocaine from Martin. Martin was not arrested at that time. Several months later, two RPD officers approached Martin as he walked down a Raleigh street, knowing that he had outstanding arrest warrants. Martin initially attempted to flee, but when cornered, he began to resist arrest, injuring one of the officers in the process. During the altercation, Martin tried to grab something from his waistband, which the officers interpreted as an attempt to reach for a weapon. The officers eventually subdued and arrested Martin and seized a loaded .38 caliber revolver (which was in his waistband), 2 grams of crack cocaine, and $173 in cash.

A federal grand jury subsequently indicted Martin, charging him with two counts of distribution of a quantity of cocaine base, possession of a firearm by a felon, and possession of a stolen firearm. In October 2017, Martin pled guilty to all of the charges without a plea agreement.

In November 2017, while Martin was incarcerated in the Brunswick County (NC) jail awaiting sentencing, he assaulted a corrections officer who was handing out inmate

food trays. Martin slapped a food tray out of the officer's hands and punched the officer several times in the face and head, knocking him to the ground. Martin continued to attack the officer while he was on the ground. After order was restored, the officer was transported to the hospital and treated for cuts and abrasions, including one on his head that required stitches. The officer reported that he had lost consciousness during the attack. For this incident, Martin was charged with several state-law assault offenses.

In preparing Martin's presentence report (PSR), the probation officer calculated a total offense level of 26. Because Martin was in Criminal History Category IV, his advisory sentencing range was 92-115 months. As part of the total offense level calculation, the probation officer determined that because of his attack on the corrections officer, Martin should not receive a reduction to his offense level under U.S.S.G. § 3E1.1. That section provides for a two-level reduction in the offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense." It further provides that if the defendant qualifies for the two-level reduction, he may earn an additional one-level reduction by timely notifying the government of his intent to plead guilty.

Martin objected to the PSR recommendation, arguing that he should receive a three-level reduction because he accepted responsibility for his October 2016 and November 2017 misconduct and timely pled guilty. The probation officer responded by noting that Application Note 1(b) to § 3E1.1 specifies that an appropriate consideration for determining whether a defendant qualifies for an acceptance of responsibility reduction is whether the defendant has voluntarily terminated or withdrawn from criminal conduct or associations. After recounting the November incident, the probation officer

3

again asserted that Martin should not receive the § 3E1.1 reduction. The probation officer observed, however, that if the district court sustained the objection, Martin's offense level would fall to 23 and his advisory sentencing range would be 70-87 months.

Through his counsel, Martin pressed his objection at his sentencing hearing, reiterating that he pled guilty in a timely manner and that he accepted responsibility for the October 2016 and November 2017 incidents. Martin also noted that he potentially faced additional state imprisonment time for assaulting the corrections officer and requested that the district court allow him to resolve that matter with the state authorities separately from his federal sentence. In response, the government acknowledged that Martin pled guilty in a timely manner, but it otherwise took no position on the issue. After reviewing video of the November 2017 incident, which showed Martin assaulting the corrections officer, the court overruled Martin's objection.

Having overruled the objection, the district court set the advisory sentencing range at 92-115 months. The court then considered the government's motion for upward departure, which was premised on Martin's history of violent conduct. The government provided an overview of several violent incidents involving Martin, including the October 2016 and November 2017 incidents; requested an upward departure to an advisory sentencing range of 120-150 months; and asserted that 150 months would be the appropriate sentence. Before ruling on the departure motion, the court heard testimony from one of the RPD officers who arrested Martin, listened to victim-impact statements from the corrections officer whom Martin attacked and the owner of the stolen firearm

4

Martin possessed, permitted Martin to speak on his own behalf, and considered legal arguments from counsel.

Ultimately, after reflecting at length on the relevant sentencing factors, the court denied the upward departure motion. However, the court varied upward from the advisory sentencing range and sentenced Martin to 130 months of imprisonment. Among other things, the court recognized that Martin may suffer from bipolar disorder, which might be the cause of his "total and complete disregard for the law," but it nonetheless explained (based on Martin's allocution) that Martin was not sorry for his conduct, "he's just sorry he got caught." J.A. 77-78.

II

Martin's only contention on appeal is that the district court clearly erred by denying him a three-level reduction to his offense level for acceptance of responsibility. Martin acknowledges that voluntary termination or withdrawal from criminal conduct is an appropriate factor to consider when deciding whether a defendant has accepted responsibility under § 3E1.1, but he argues that the court gave excessive weight to his November 2017 attack on the corrections officer. In his view, his timely decision to plead guilty, his acceptance of responsibility for the underlying drug and firearm offenses, his bipolar disorder, and the potential additional punishment he might receive under state law for the November 2017 attack mandate that he receive the three-level reduction.

We review a district court's decision concerning an acceptance-of-responsibility adjustment for clear error. *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007). We must give great deference to the district court's decision because it is in the best

5

position to evaluate the defendant's acts and statements to determine whether the defendant has accepted responsibility for his criminal conduct. *Id.* To earn the reduction, a defendant must prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct. *Id.* A guilty plea may be evidence of acceptance of personal responsibility, but it does not, standing alone, entitle a defendant to a reduction as a matter of right. *Id.* In the absence of evidence compelling us to conclude that the district court has committed clear error in its evaluation of the defendant, we will uphold its decision on the § 3E1.1 reduction. *Id.*

"The decision to grant an acceptance-of-responsibility reduction often depends on the actions of the defendant following his or her arrest or plea." *Id.* at 240. Even unrelated criminal conduct may make an acceptance of responsibility reduction inappropriate. *United States v. Arellano*, 291 F.3d 1032, 1035 (8th Cir. 2002).

As we have recounted, in November 2017, while Martin was awaiting sentencing in this case, he attacked and beat a corrections officer. The evidence supporting this incident is undisputed. Although Martin offers reasons attempting to explain his conduct (*i.e.*, bipolar disorder) and to have the district court essentially ignore it for the purposes of this sentencing determination (*i.e.*, his potential state punishment), neither reason remotely establishes that the court clearly erred by denying the acceptance of responsibility reduction. Simply put, Martin pled guilty in a timely manner, but his post-plea attack on the corrections officer is sufficient evidence to support the court's finding that he failed to terminate or withdraw from criminal conduct. We find nothing in the record to cast doubt on that finding.

6

## III

Based on the foregoing, we conclude that the district court did not clearly err by denying Martin an offense level reduction for acceptance of responsibility. Accordingly, we affirm Martin's sentence.

*AFFIRMED*