# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3160
_____

United States of America

*Plaintiff - Appellee*

v.

Jimmy L. Garner

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 21, 2021
Filed: December 7, 2021
[Unpublished]

_____

Before SHEPHERD, WOLLMAN, and KOBES, Circuit Judges.

_____

PER CURIAM.

Jimmy Garner was sentenced to 105 months in prison for being a felon in possession of a firearm. Garner appeals, arguing the district court[1] should have given him an offense-level reduction for accepting responsibility. We affirm.

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

## I.

Garner fled after police tried to stop him for driving a stolen car. He committed several traffic violations during the pursuit, which ended when he ran a stop sign at 60 miles per hour and crashed into another car. The officers then saw Garner jump into the passenger seat, pull something from his waistband, and put it behind his back. After taking Garner into custody, officers searched the car and found a loaded gun on the passenger seat.

Garner pleaded guilty to one count of possessing a firearm as a convicted felon. The PSR recommended a total offense level of 26, which included a four-point enhancement for possessing a gun in connection with a felony. The PSR assigned a criminal history score of 42, placing him in category VI. Before sentencing, Garner and another inmate attacked a third inmate, who required medical attention. Because of this, the PSR recommended he not receive a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. The PSR calculated a Guidelines range of 120 to 150 months, capped by the statutory maximum of 120 months.

The district court sustained Garner's objection to the four-level "in connection with" enhancement but denied him credit for acceptance of responsibility. This resulted in a new Guidelines range of 84 to 105 months. The district court sentenced him to 105 months in prison.

## II.

"We review the district court's denial of an acceptance of responsibility reduction for clear error." United States v. Smith, 665 F.3d 951, 957 (8th Cir. 2011). "A district court's factual determination on whether a defendant has demonstrated acceptance of responsibility is entitled to great deference and should be reversed only if it is so clearly erroneous as to be without foundation." United States v. Arellano, 291 F.3d 1032, 1034 (8th Cir. 2002).

"U.S.S.G. § 3E1.1(a) provides for a two-level reduction if the defendant 'clearly demonstrates acceptance of responsibility for [his] offense.'" United States v. Davis, 875 F.3d 869, 875 (8th Cir. 2017) (quoting § 3E1.1(a)). The defendant bears the burden. Id. (citing U.S.S.G. § 3E1.1 cmt. 2). A defendant is not automatically entitled to the reduction simply for pleading guilty. See United States v. Cooper, 998 F.3d 806, 810 (8th Cir. 2021). Conduct that is inconsistent with acceptance of responsibility may outweigh a guilty plea. See id. at 810–11 (citing U.S.S.G. § 3E1.1 cmt. 3). "This Court has consistently denied the acceptance-of-responsibility reduction to defendants whose conduct belies their claims of contrition." United States v. Nguyen, 52 F.3d 192, 194 (8th Cir. 1995).

Because Garner committed an assault between conviction and sentencing, the district court found that he hadn't accepted responsibility for the offense. The commentary to § 3E1.1 includes a non-exhaustive list of factors to consider in deciding whether to grant the acceptance of responsibility reduction. See § 3E1.1 cmt. 1. "One factor in determining whether a defendant has clearly demonstrated acceptance is whether he has withdrawn from 'criminal conduct.'" Arellano, 291 F.3d at 1034–35 (quoting U.S.S.G. § 3E1.1 cmt. 1(b)). "Even unrelated criminal conduct," such as conduct that occurs before trial, "may make an acceptance of responsibility reduction inappropriate." Id. at 1035 (citation omitted). We have considered acts of violence and threats by a defendant while incarcerated to be sufficient grounds for a denial of the acceptance of responsibility reduction under § 3E1.1. See United States v. Sutton, 511 F. App'x 591, 592 (8th Cir. 2013).

Even if the detention center attack alone didn't outweigh Garner's guilty plea, the district court's decision to deny the reduction wasn't solely based on the pre-sentence assault. It also highlighted his "continuous stream of law violations"[2] and noted that, "taking the presentence report all in all, it's pretty hard to find acceptance of responsibility."

---

[2]Garner's violations include assaults, property crimes, drug offenses, driving offenses and fleeing from police.

Plus, any possible error was harmless. "An incorrect Guidelines calculation is harmless error where the district court specifies the resolution of a particular issue did not affect the ultimate determination of a sentence, such as when the district court indicates it would have alternatively imposed the same sentence even if a lower guideline range applied." United States v. Dace, 842 F.3d 1067, 1069 (8th Cir. 2016) (per curiam) (citation omitted), *overruled on other grounds by* United States v. Swopes, 866 F.3d 668, 671 (8th Cir. 2018). Here, the district court ultimately sentenced Garner to 105 months, on "the high end of the Guidelines," and specified that it would have imposed the same sentence "regardless of rulings . . . made regarding the guidelines." Because Garner would have received the same 105-month sentence even if the district court applied the acceptance of responsibility reduction, any error was harmless.

III.

We affirm Garner's sentence.

_____